## No. 7853.

JNO. DEBLOIS, SYNDIC *vs.* JAMES J. REISS—SUCCESSION OF E. MEYER, INTERVENOR.

The contract of pledge of movable property, other than promissory notes, bills of exchange, stocks or claims, in order to affect third persons, must be by written act; and the amount of the debt and the nature of the thing pledged, as required by Art. 3158, C. C., must be mentioned in the act.

Verbal evidence is admissible to explain letters or ciphers in a written instrument, but not to prove a pledge, which must be in writing.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

Ernest J. Wenck and Fred. Adolph, for Intervenor and Appellant:
1. The insolvent, Testart, was not the owner of the property alleged to have been pledged to Defendant, at the time of the pretended pledge, and, therefore, said pledge was null and void. C. C. 3142-3-5.
2. No valid pledge has been proved as against Intervenor, who is a third person. C. C. 3157-8; 2 La. 387; 3 La. 528; 2 La. 361; 4 M. 570; 2 La. 459; 15 An. 465; 14 An. 375; 31 An. 865.
3. The pretended pledge or privilege was never recorded as required by law. C. C. 3158-3160. Const. of 1868.

Posey & Posey, for Syndic, Plaintiff and Appellant.

E. Howard McCaleb, for Defendant and Appellee:
An *expert* may be admitted to *decipher* or explain *figures* or *terms* which an ordinary reader is unable to understand. Wharton's Law of Evidence § 972. Greenleaf on Ev. § 280.

The notes held by Defendant, as explained by the experts, prove the pledge of the jewels : it is, therefore, made by private writing, accompanied by actual delivery and good faith, the only requirements prescribed by law for the pledge of movable property. C. C. 3158. 31 An. 865. Partida Fifth, Title XIII, Law 6. Code Nap. art. 2074 and 2076. 9 An. 539 ; 11 An. 225 ; 5 An. 274 ; 14 Wall. 244 ; 18 Wall. 332 ; 95 U. S. (5th Otto) 764.

The pledge of another's property is valid, although made without the owner's knowledge, if the pledgor had possession with the owner's consent, Troplong, du Nautissement, Nos. 71, 72, 73, 74 *et seq.* Story on Bailment § § 296, 322, 323, 327, 328. 26 An. 17 and 19 ; 7 An. 227

It is no longer necessary to register the act of pledge. C. C. 3162, 3217 ; 3220. Const. of 1879 Art. 197 ; 12 An. 699 ; 3 Peters, 290.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, as syndic of the estate of the insolvent Amédée Testart, sues for the recovery of a lot of jewelry, alleged to have been deposited with Defendant, by the said Testart, in December 1877, and in August 1878 ; and in default of the delivery of the jewels, he prays for a judgment against Defendant in the sum of Two Thousand dollars, the alleged value of the jewels thus deposited.

Defendant filed a general denial followed by a plea in reconvention, in which he sets up four promissory notes made to his order by the insolvent Testart, amounting together to sixteen Hundred Dollars, representing the amount of a loan of money made by him to Testart, and to secure the payment of which loan, the jewelry claimed by Plaintiff had been pledged to him by Testart ; and he concludes with a prayer for judgment of $1600 against the estate of the insolvent, with recognition of his privilege on the jewelry in his possession.

In this suit intervenes I. A. Hugmann administrator of the succession of Edward Meyer, who claims the same jewelry as the lawful property of said Edward Meyer, who had entrusted them, before his death, to Testart for sale on commission ; and, averring the illegality and nullity of the pledge set up by Defendant, prays for the recovery of the jewelry, and in default thereof for judgment in solido against the Testart Estate and Jas. J. Reiss, in the sum of $1625 with interest from judicial demand.

The judgment of the lower Court was in favor of the Defendant Reiss as prayed for, and rejecting the demands of Plaintiff and of Intervenor.

The latter two have appealed. The principal question involved in this cause is the validity of the pledge set up by Defendant in his reconventional demand.

It is assailed by Intervenor and by Plaintiff on the ground that the pretended pledge was not made in writing as required by art. 3158. of our Civil Code ; and that as a pledge it is null and of no effect as to third parties.  As evidence of his pledge Reiss relies upon the four promissory notes subscribed by Testart, at the bottom of which appear abbreviated dispositions of certain articles of jewelry, and the weight and size of the same.  He introduced verbal testimony to translate, explain or amplify these observations ; and upon that testimony he expects this Court to decide that he has shown a contract in writing as contemplated by the article of the Code ; from which we copy the following language—

"But this privilege shall take place against third persons, only in case the pawn is proved by an act made either in public form or under private signature ; provided such act has been recorded in the manner required by law ; provided, also, that whatever may be the form of the act, it mentions the amount of the debt, as well as the species and nature of the thing given in pledge, or as a statement annexed thereto, of its number, weight and measure.  All pledges of movable property may be made by private writing, accompanied by actual delivery ;
*     *     *     and such pledge, so made, without further formalities, shall be valid as well against third persons as against the pledgors thereof, if made in good faith."

The mere statement of the proposition shows that it is pregnant with self-destruction.  Parol testimony could be introduced, and was properly admitted, to explain the meaning of certain letters or ciphers in a written instrument; but the district Judge erred in allowing parol evidence to show a pledge resulting from simple notes of hand, because forsooth a few unintelligible letters, or symbols were appended thereto. The practical result of such a course was to allow parol testimony in proof of a pledge, of movable effects, which is required by law to be evidenced by a written contract only.

Defendant does not even pretend to hold any thing in the shape of a written contract, but relies exclusively upon his four promissory notes and his attempted verbal explanation ; evidently losing sight of our jurisprudence which has, long ere this, settled that privileges are of strict right and parties claiming them must conform to the requirements of the law.  It is required, in order to create a pledge that the intention of the parties should be reduced to writing, that the nature and amount of the debt to be secured be stated, that the object or objects or things pledged be described so as to be easily identified, that delivery should accompany the act when under private signature and the instrument and should exhibit the nature and extent of the rights and obligations of the contracting parties reciprocally.

Otherwise recourse would necessarily be had to parol proof to ex—

plain the intention of the parties. And thus the object of the law which requires the contract to be reduced to writing would be defeated. 14 A. 375. 15 A. 165. We therefore conclude that Defendant has utterly failed to show a pledge which can be enforced in law. We are now called upon to decide who is the lawful owner of the jewelry in controversy.

And on this point we must confess some hesitation which required a very close study of the evidence, as we must mainly rely upon the testimony of the insolvent Testart, whose testimony is contradictory, equivocal, evasive and painfully unreliable. In fact this witness manifests as little regard for truth in his testimony, as he did for honesty in his dealings, when he borrowed money on an attempt to pledge property which was avowedly not his own.

But testing his variegated statements by the light of his actions as shown in the record, we conclude that he never became the owner of the jewelry entrusted to him by Meyer ; that the note which he executed in favor of Meyer, was not for the purchase of the jewelry, but was intended as a security for the restitution of the value of the jewels, in case he should fail, as he has, to account honestly for the same.

This conclusion is justified by his conduct in returning to Hugmann the administrator, when pressed by him, a few articles of the jewelry amounting in value to $1455 37. His true interpretation of his tenure of the jewelry is also shown by his affidavit made in the 2nd Dist. Court on the 5th of December, 1878, wherein he declares, at a time not suspicious, that he is the owner of the jewelry in question.

In his testimony he several times admits that under his contract with Meyer he felt bound to return the jewels when his note would be presented to him for cancellation, and he states that when called upon by Hugmann to do so he would have produced and returned the jewels, if he had had possession and control of the same.

This is not the language nor the action of a party who is, and feels that he is, the owner of the property which is the subject of transactions as shown by the record.

It is therefore safe to conclude, as we do, that Testart was not, at the time of the pretended pledge, and is not now the owner of the jewelry in the possession of Reiss, excepting one diamond ring 5 Karats, which he owns, and which he values at $450 ; and that the succession of Edward Meyer is the lawful owner of all the other jewelry placed by Testart in Defendant's possession.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court, in so far as it condemns Plaintiff on Defendant's reconventional demand to pay to him the sum of sixteen hundred dollars and interests, be affirmed ; and that in all other respects it be annulled

avoided and reversed ; and it is further ordered, adjudged, and decreed that the succession of Edward Meyer be recognized as the lawful owner of the following articles of jewelry, now in Defendant's possession to wit: 1. Two unmounted diamond stones, 4¼ Karats. 2. Four unmounted diamond stones 6¾ Karats. 3. One pair of diamond ear-rings 2½ Karats ; that Defendant Reiss be condemned to return and deliver said jewelry to J. A. Hugmann, administrator of the Meyer succession, and that in default thereof he be condemned to pay to said succession the sum of Sixteen Hundred and Eleven 45-100 Dollars ;

It is further ordered that Defendant Jas. S. Reiss be condemned to return and deliver to Jno. DeBlois Syndic of the Estate of Amédée Testart one diamond Ring and solitaire weighing five Karats, the property of Testart, and now in Defendant's possession ; and that in default thereof he be condemned to pay to said insolvent estate the sum of four Hundred and fifty dollars, the value of said ring ;—and it is finally ordered that Plaintiff pay the costs of the lower court, excepting those incurred by the intervention, and that all costs of said intervention and costs of appeal be paid by Defendant Reiss.